802 F.2d 452
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Wayne C. LOGAN, Appellant.
 No. 85-5560.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1986.
Decided Oct. 1, 1986.
 
 Michael A. Robusto (Hooker & Slipow on brief), for appellant.
 John A. Henebery, LCDR, JAGC, USN, Special Assistant United States Attorney (Justice W. Williams, United States Attorney, on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Wayne C. Logan appeals his conviction for driving under the influence of alcohol in violation of 18 U.S.C. Sec. 13 and Va. Code Sec. 18.2-266. We find the evidence sufficient to support the conviction, and we affirm.
 
 
 2
 On June 8, 1985, Mr. Hayden Dubay and his wife were driving on Shore Drive in Virginia Beach, Virginia. Soon they were approached from the rear by a gray Mustang automobile that was swerving from lane to lane. As the Mustang came alongside Dubay's vehicle, Dubay had to pull off the traveled portion and onto the shoulder of the road to avoid being hit by the Mustang. Concerned about the safety of other motorists, Dubay decided to follow the Mustang, which continued to swerve from side to side on the highway. At one point, Dubay pulled alongside the Mustang to view the driver, whom he identified at trial as Logan. Dubay followed the vehicle into Fort Story. He stopped at the entrance of Fort Story and advised PFC Hardman of his observations.[1] He then drove around Fort Story until he located the Mustang. Upon locating the vehicle, Dubay called the military police.
 
 
 3
 PFC Hardman was the gate guard at Fort Story on June 8. At approximately 11:30 a.m., a gray Mustang drove into Fort Story in excess of the speed limit. Hardman held up his hand to signal the car to stop. Instead of stopping, the Mustang continued on at a high rate of speed into the fort. Hardman then called the military police station.
 
 
 4
 Shortly thereafter, PFC Charles A. McGee and PFC James G. Bailey, of the military police, found the gray Mustang. After learning that the vehicle belonged to Logan, the two mp's entered the barracks and located him. Logan was belligerent and abusive toward the officers. He denied having anything to drink, although the officers could smell alcohol. Logan was transported to the Second Precinct, Virginia Beach Police Department. A breathalyzer test was administered to Logan. The result showed Logan's blood alcohol content to be .20.
 
 
 5
 On appeal, Logan argues that the evidence was insufficient to support his conviction for driving under the influence of alcohol because there was no direct evidence that he was intoxicated at the time he was driving. Instead, he claims that he became intoxicated during the short time after he exited his vehicle but before the military police apprehended him. We disagree and find that there was sufficient evidence in the record to support a reasonable inference that Logan was intoxicated at the time he was driving the Mustang.
 
 
 6
 We also reject Logan' § argument that there is insufficient evidence that he operated his vehicle under the influence of alcohol while within the territorial jurisdiction of the United States, that is to say, in Fort Story.
 
 Accordingly, the judgment of conviction is
 
 7
 AFFIRMED.
 
 
 
 [1]
 Another automobile was also following Logan. Its driver also advised PFC Hardman of Logan's apparent intoxicated state